# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| HOUSE OF RAEFORD FARMS OF LOUISIANA, L.L.C. | CIVIL ACTION NO. 24-0471 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| GULF STATES COLD STORAGE CO. | MAGISTRATE JUDGE MCCLUSKY |

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss for Lack of Personal Jurisdiction filed by Defendant Gulf States Cold Storage Co. ("Gulf States"). See Record Document 17. House of Raeford Farms of Louisiana, L.L.C. ("Raeford Farms") opposed the motion. See Record Document 19. Gulf States replied, and Raeford Farms filed a sur-reply. See Record Documents 23 & 26. For the reasons stated below, Gulf States's Motion to Dismiss for Lack of Personal Jurisdiction (Record Document 17) is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND[1]

This dispute arises out of the alleged spoilation of Raeford Farms's chicken product being stored by Gulf States at a facility in Dotham, Alabama. Raeford Farms is a Louisiana company that produces poultry and Gulf States is a Georgia company that stores refrigerated goods. See Record Document 1 at ¶¶ 1, 3, 10-11.

In December 2006, Gulf States purchased a cold storage warehouse in Shreveport, Louisiana (the "Shreveport Warehouse"). See id. at ¶ 16. At that time, the

---

[1] On a motion to dismiss for lack of personal jurisdiction, the Court takes the uncontroverted facts in the Complaint as true and resolves factual disputes in the plaintiff's favor. See Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990).

parties started a business relationship whereby Raeford Farms shipped its products to the Shreveport warehouse and another Gulf States warehouse in Dothan, Alabama (the "Dothan Warehouse") for storage and subsequent shipments to customers. See id. at ¶¶ 20-21. Gulf States closed its Shreveport Warehouse in 2017 and sold the property in 2018. See id. at ¶ 29; Record Document 17-2 at ¶¶ 6, 8. Also in 2018, Gulf States deactivated its registration with the Louisiana Secretary of States. See Record Document 17-2 at ¶ 8.

However, even after the closure of the Shreveport Warehouse, the parties' business relationship continued through the Dothan Warehouse. Raeford Farms continued to ship product to Gulf States from Louisiana. See Record Document 1 at ¶ 26. The parties engaged in regular phone and email communications to discuss product shipments into and out of the Dothan Warehouse, the condition of shipments, and "other things that were necessary for Gulf States to perform its services for the products at the Dothan Warehouse." See Record Document 17-2 at ¶ 10; Record Document 1 at ¶¶ 23-24. As a part of its obligations to store the products, Gulf States agreed to store Raeford Farms's products at specific temperatures. See Record Document 1 at ¶ 22.

On or about August 16, 2023, a Gulf States representative called Raeford Farms to inform it that a storm caused a power outage at the Dothan Warehouse on August 11 or 12, 2023, and Raeford Farms's products had consequently thawed. See id. at ¶¶ 38-39. In September 2023, Raeford Farms inspected the products and confirmed that they had thawed and were not salvageable. See id. at ¶ 44. During Raeford Farms's inspection of the products, several Gulf States employees informed Raeford Farms that "the freezer issues had been going on for several months." Id. at ¶ 46. Gulf States declined to provide

the exact dates and times of the power outages or to provide relevant shipping records for the weeks before August 16, 2023. See id. at ¶ 43.

On April 5, 2024, Raeford Farms filed suit in the United States District Court for the Western District of Louisiana, asserting four causes of action: (1) breach of contract; (2) violations of the Louisiana Uniform Warehouse Receipts Act ("LUWRA"), and alternatively, state law negligence and gross negligence; (3) fraud and negligent misrepresentation; and (4) violations of the Louisiana Unfair Trade Practices Act ("LUTPA"). See Record Document 1. Gulf States filed the instant Motion to Dismiss for Lack of Personal Jurisdiction, arguing the Court does not have jurisdiction over Raeford Farms's claims because the place of contractual performance was Alabama and the communications coordinating shipments was insufficient minimum contacts. See Record Document 17. Raeford Farms opposed, arguing that Gulf States only addressed its breach of contract claims and that Gulf States's extensive connections with Louisiana over the years is sufficient minimum contacts for specific jurisdiction over all claims. Record Document 19. Gulf States replied, arguing that the Court does not have jurisdiction over any of Raeford Farms's claims. See Record Document 23.[2]

---

[2] On reply, Gulf States claimed that Raeford Farms incorrectly cited to House of Raeford Farms of Louisiana L.L.C. v. Poole, 19-CV-0271, 2021 WL 3673901 (W.D. La. Mar. 18, 2021), throughout its opposition and requested all references to the case be struck. See Record Document 23 at 5. The Court granted Raeford Farms leave to file a sur-reply, which clarified that Gulf States was referring to the wrong case because of a mistake in the LexisNexis system displaying the wrong Westlaw citation number. See Record Documents 25 & 26.

3

## LAW AND ANALYSIS

**I.    Legal Standards**

**A. Rule 12(b)(2)**

A motion pursuant to Rule 12(b)(2) allows a party to move to dismiss for lack of personal jurisdiction. See Fed. R. Civ. P. 12(b)(2). "Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." Luv N' Care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006) (citations omitted). When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the plaintiff need only make a prima facie case for personal jurisdiction. See Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co., 517 F.3d 235, 241 (5th Cir. 2008).

"Moreover, on a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a prima facie case for personal jurisdiction exists." Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990) (quoting D.J. Invs., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc., 754 F.2d 542, 546 (5th Cir. 1985)). In consideration of the motion, the court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." Stuart v. Spademan, 772 F.2d 1185, 1192 (5th Cir. 1985).

**B. Personal Jurisdiction**

Under Fifth Circuit precedent, personal jurisdiction over a defendant exists if (1) the state's long-arm statute extends to the defendant, and (2) the exercise of such

jurisdiction is consistent with due process. See Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 609 (5th Cir. 2008). The Louisiana long arm statute extends as far as is permitted by due process. See Patin v. Thoroughbred Power Boats Inc., 294 F.3d 640 (5th Cir. 2002). The exercise of personal jurisdiction over a defendant comports with due process only if (1) the defendant has purposefully availed itself of the benefits and protection of Louisiana by establishing "minimum contacts" with Louisiana, and (2) the exercise of personal jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. See Allred v. Moore & Peterson, 117 F.3d 278, 285 (5th Cir. 1997).

Under the minimum contacts test, a defendant may be subject to either "general jurisdiction" or "specific jurisdiction." See Ford v. Mentor Worldwide, LLC, 2 F. Supp. 3d 898, 903 (E.D. La. 2014). General jurisdiction arises when a defendant maintains "continuous and systematic" contacts with the forum state, even when the cause of action has no relation to those contacts. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-16 (1984). "The Fifth Circuit has characterized the 'continuous and systematic contacts' test as a 'difficult one to meet.'" Ford, 2 F. Supp. 3d at 903 (citing Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 609 (5th Cir. 2008)).

Specific jurisdiction exists where a nonresident defendant "has 'purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'" Panda Brandywine Corp. v. Potomac Elec. Power Co., 253 F.3d 865, 868 (5th Cir. 2001) (quoting Alpine View Co. v. Atlas Copco AB, 205 F.3d 208, 215 (5th Cir. 2000)). "The non-resident's 'purposeful availment' must be such that the defendant 'should reasonably anticipate being haled into court' in the forum state."

Ruston Gas Turbines, Inc. v. Donaldson Co., 9 F.3d 415, 419 (5th Cir. 1993) (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)). The Fifth Circuit has formulated a three-step analysis for specific jurisdiction:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 271 (5th Cir. 2006) (citation omitted).

## II. Analysis

Raeford Farms does not argue the Court has general jurisdiction over Gulf States. See Record Document 19 at 17. Therefore, the Court's analysis focuses on whether there are sufficient minimum contacts to give rise to specific jurisdiction. Whether specific jurisdiction exists is a claim-specific inquiry. See Trois v. Apple Tree Auction Ctr., Inc., 882 F.3d 485, 489 (5th Cir. 2018) (citing McFadin v. Gerber, 587 F.3d 753, 759 (5th Cir. 2009)). Thus, the Court considers Raeford Farms's contract and non-contractual claims separately.

### A. Contract Claims

Raeford Farms brings a claim for breach of contract based on Gulf States's alleged failure to store its products at the parties' agreed-upon temperature in the Dothan Warehouse. Raeford Farms claims that the following facts are sufficient to constitute minimum contacts for the purposes of its contract claim: Gulf States's ownership of a Louisiana facility from approximately 2007 to 2017; its acceptance of Louisiana-produced goods; its creating a relationship and related obligations with Raeford Farms, a citizen of Louisiana; and its consistent communications with Raeford Farms to coordinate

shipments. See Record Document 19 at 21-22. The Court finds that these facts are insufficient to hold there is specific jurisdiction over Gulf States for Raeford Farms's breach of contract claim.

When examining a contract-based claim for minimum contacts, "only those acts which relate to the formation of the contract and the subsequent breach are relevant." Trois, 882 F.3d at 489 (quoting Religious Tech. Ctr. v. Liebreich, 339 F.3d 369 (5th Cir. 2003)). The Fifth Circuit has explained that a "touchstone" of courts' analysis of specific jurisdiction over contract claims should be the "place of contractual performance." Sayers Constr., L.L.C. v. Timberline Constr., Inc., 976 F.3d 570, 573 (5th Cir. 2020). "[M]ailing payments to the forum state, engaging in communications related to the execution and performance of the contract, and the existence of a contract between the nonresident defendant and a resident of the forum are insufficient to establish . . . minimum contacts . . . ." Id. (quoting Freudensprung v. Offshore Tech. Servs., Inc., 379 F.3d 327, 344 (5th Cir. 2004); see also Trois, 882 F.3d at 489 (finding that one party's presence in the state for "conference calls negotiating the agreement" was insufficient to establish minimum contacts).

Raeford Farms has not alleged any facts as to where, or how, its contractual relationship with Gulf States formed. Gulf States has not had a physical presence in Louisiana since 2018 and there is no indication that Gulf States has had any performance obligations in Louisiana since that time. See Record Document 1 at ¶ 29. The performance obligations and alleged breach relevant to this matter occurred in Alabama. The fact that Gulf States formed a relationship with Raeford Farms "at most" establishes a connection between Gulf States and Raeford Farms, not between Gulf States and

7

Louisiana. See Sayers Constr., L.L.C., 976 F.3d at 574[3]; see also Blakes v. DynCorp. Int'l, L.L.C., 732 F. App'x 346, 347-48 (5th Cir. 2018). To the extent that Gulf States communicated with Raeford Farms about Raeford Farms's own Louisiana-based activities, those communications are insufficient to find specific personal jurisdiction. See Sayers Constr., L.L.C., 976 F.3d at 573; see also Trois, 882 F.3d at 489 n.2 (finding that defendant's partial performance in the state was "insufficient to establish jurisdiction" because it focused on the plaintiff's in-state activities, rather than the defendant's).

The Court does not have specific jurisdiction over Gulf States for the breach of contract claims.[4] Thus, Gulf States's Motion to Dismiss for Lack of Personal Jurisdiction is **GRANTED** as to the breach of contract claim and these claims are **DISMISSED WITHOUT PREJUDICE**.

**B. Non-Contractual Claims**

In addition to contract-based claims, Raeford Farms brings claims under LUWRA, LUTPA, and for fraud, negligent misrepresentation, negligence, and gross negligence. These claims are generally based on Gulf States's failure to properly store Raeford Farms's product and its misstatements and/or omissions as to the storage of the product. See Record Document 1.

---

[3] Raeford Farms attempts to distinguish Sayers by arguing the "quality and quantity" of contacts here is more significant. Record Document 19 at 20. However, the Court's analysis both in Sayers and here focuses on the contacts that are relevant for the purposes of its analysis.

[4] The Complaint makes mention of implied warranties and undertakings and the implied covenant of good faith and fair dealing. See Record Document 1 at ¶¶ 69-70. The Court notes that even if these assertions were individualized claims, they would be subject to the same analysis as the breach of contract claim and the Court would lack personal jurisdiction over the Defendant for those claims.

Courts utilize different minimum contacts inquiries for tort claims compared to contract claims.[5] See House of Raeford Farms of La. L.L.C. v. Poole, 2021 WL 3673901 (W.D. La. Mar. 18, 2021) (citing Trois, 882 F.3d at 492). When analyzing a tort claim for minimum contacts, courts look to whether the defendant intentionally reached into the forum state to commit a tortious act. See Trois, 882 at 490 (citing Walden v. Fiore, 571 U.S. 277, 284 (2014)). A defendant who makes just one phone call into the forum state and commits an intentional tort can be subject to specific jurisdiction of that state. See id. at 491 (finding that because defendant reached out to the forum state "via phone in order to garner business and make specific representations," the court had specific jurisdiction over resulting fraud claims). Courts also look to whether it was reasonably foreseeable the harm caused by defendant's actions would occur in the forum state. See Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co., 517 F.3d 235 (5th Cir. 2008); see also Guidry v. U.S. Tobacco Co., 188 F.3d 619, 628 (5th Cir. 1999) ("Even an act done outside the state that has consequences or effects within the state will suffice as a basis for jurisdiction in a suit arising from those consequences if the effects are seriously harmful and were intended or highly likely to follow from the nonresident defendant's conduct.").

The Court first notes that Gulf States's arguments as to Raeford Farms's non-contract claims were raised for the first time on reply and are therefore waived. See Allen v. Hays, 65 F.4th 736, 746 (5th Cir. 2023) ("[A]n argument cannot be raised for the first

---

[5] To the extent that Raeford Farms brings statutory claims under LURWA and LUTPA, those claims are analyzed as tort claims. See House of Raeford Farms of Louisiana, L.L.C., 2021 WL 3673901, at *4 (analyzing plaintiff's claim under LUTPA alongside plaintiff's additional claims for fraud, negligence, unjust enrichment, and other torts); Rainey v. J&S Truck Sales, L.L.C., 614 F. Supp. 3d 293, 304-05 (M.D. La. July 13, 2022) (analyzing plaintiff's LUTPA claim as an intentional tort).

time in a reply brief, so it is waived."); see also Jones v. Cain, 600 F.3d 527, 541 (5th Cir. 2010).

Even if Gulf States had not waived its arguments as to the non-contract claims, the Court would have specific jurisdiction over such claims. Taking the uncontroverted facts in Raeford Farms's Complaint as true, Gulf States engaged in a coverup of its failure to properly store Raeford Farms products. It did this in part by calling Raeford Farms in Louisiana and making misstatements and omitting material information, which Raeford Farms alleges caused injury in Louisiana. Gulf States makes no argument as to why personal jurisdiction over it for the tort claims would offend traditional notions of fair play and substantial justice. Raeford Farms's allegations are sufficient to state a prima facie case of personal jurisdiction over Gulf States for the non-contract claims.

Therefore, these claims survive the Rule 12(b)(2) stage and Gulf States's Motion to Dismiss for Lack of Personal Jurisdiction is **DENIED** as to the non-contract claims.

## CONCLUSION

Based on the reasons explained above,

**IT IS ORDERED** that Gulf States's Motion to Dismiss for Lack of Personal Jurisdiction (Record Document 17) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss is **GRANTED** as to Raeford Farms's claims for breach of contract. These claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss is **DENIED** as to all other claims made by Raeford Farms.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 17th day of March, 2025.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT